Filed
File Date: 4/15/2021 4:19 PM
Hillsborough Superior Court Northern District
E-Filed Document

216-2021-CV-00233

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

HILLSBOROUGH COUNTY

CIVIL ACTION NO.:

KIM O'KEEFE AND PATRICK O'KEEFE

V.

SMG OPERATIONS, SMG FOOD AND BEVERAGE, LLC, SMG HOLDINGS I, LLC, SMG HOLDINGS II, LLC, ASM GLOBAL LLC, ASM GLOBAL PARENT, INC., and SMG HOLDINGS, LLC

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES AND FACTS

1. The Plaintiff Kim O'Keefe is a resident of West Warwick, RI.

2. The Plaintiff Patrick O'Keefe is the husband of Kim O'Keefe and resides together with his wife in West Warwick, RI.

3. The Defendants are corporations or other business entities which are further identified in the following subdivisions of this paragraph. It is the intention of the Plaintiffs to bring suit against the entities and any successors to those entities, who were involved in control, management, operation and supervision of the activities at the graduation occurring at the SNHU arena in Manchester, NH on May 12, 2018. For purposes of simplicity, the Defendants will be referred to collectively as "ASM Global". Upon information and belief, SMG, the operator of the facility at that time, is now known as ASM Global. Specifically,

    a. SMG Operations is a partnership organized under the laws of Pennsylvania with a principal office address of 300 Four Falls Corporate Center, 300 Conshohocken State Road, West Conshohocken, PA 19428. SMG Operations is registered to do business in New Hampshire.
    b. SMG Food and Beverage, LLC is a Delaware LLC with a principal office address of 300 Four Falls Corporate Center, 300 Conshohocken State Road, West Conshohocken, PA 19428. SMG Operations is registered to do business in New Hampshire.

    c. SMG Holdings I, LLC is a Pennsylvania LLC with a principal office address of 300 Four Falls Corporate Center, 300 Conshohocken State Road, West Conshohocken, PA 19428 and is co-owner of the fictitious name "SMG".

    d. SMG Holdings II, LLC is a Pennsylvania LLC with a principal office address of 300 Four Falls Corporate Center, 300 Conshohocken State Road, West Conshohocken, PA 19428 and is co-owner of the fictitious name "SMG".

    e. ASM Global LLC is a Delaware LLC and may be served through its registered agent, The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

    f. ASM Global Parent, Inc. is a Delaware Corporation and may be served through Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

    g. SMG Holdings, LLC is a Delaware LLC and may be served through Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. At all times pertinent hereto, the defendants were involved in the control, management, operation and supervision of activities at the SNHU arena in Manchester, Hillsborough County, NH.

5. On or about May 12, 2018, the Plaintiff, Kim O'Keefe, was attending a graduation at said SNHU Arena.

6. In the course of said graduation, the Plaintiff left her seat in the 200 section to go down to the restroom in the mezzanine area. As the Plaintiff was climbing a flight of stairs back up to her seat, she tripped and fell over an inadequately marked step, and suffered injuries.

## COUNT I - NEGLIGENCE

7. The Plaintiffs repeat the allegations of paragraphs 1-6 herein.

8. The injuries sustained by the Plaintiff were a direct and proximate result of the negligence of Defendants as follows:

    a. Defendants negligently controlled, managed, operated and supervised the facility.

    b. Defendants negligently failed to provide adequate lighting to allow patrons to safely traverse the stairs in the premises.

    c. Defendants negligently failed to provide adequate markings on the stairs to allow patrons to safely traverse the stairs in the premises.

    d. Defendants failed to adequately warn of the hazards associated with the stairs in the premises.

9. As a direct and proximate result of the negligence of Defendants as set forth herein, the Plaintiff was caused to sustain severe and permanent injuries to her right patella and tibia. She has continuing pain and nerve damage to her right ankle. She has been disabled from her usual activities and has incurred significant medical expenses. She does not enjoy life as she did prior to the incident.

WHEREFORE, Plaintiff demands judgment against Defendants, together with interest and costs.

## COUNT II – LOSS OF CONSORTIUM

10. The Plaintiff Patrick O'Keefe repeats the allegations of paragraphs 1-9 herein.

11. As a direct and proximate result of Defendants' negligence, the wife of the Plaintiff has been injured and disabled, requiring the Plaintiff to care for his wife. He has lost the love, society, affection and consortium of his wife.

WHEREFORE, Plaintiffs demand judgment against Defendants, together with interest and costs.

PLAINTIFFS DEMAND TRIAL BY JURY.

> The Plaintiffs,
> By Their Attorney,
>
> /s/ *David P. Angueira*
> David P. Angueira, Esq.
> NH Bar # 16632
> Swartz & Swartz, P.C.
> 10 Marshall Street
> Boston, MA 02108
> (617) 742-1900

Dated: April 15, 2021

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | Hillsborough Superior Court Northern District |
| Case Name: | Kim O'Keefe, et al. v. SMG Holdings LLC, et al. |
| Case Number: (if known) | 216-2021-CV-00233 |

## ACCEPTANCE OF SERVICE

**Acceptance of Service:** (Select One)

☑ Counsel for the following defendant(s):

| SMG Holdings LLC | 300 Conshohocken State Road, West Conshohocken | |
|---|---|---|
| (Name) | (Address) | (Telephone Number) |
| | | |
| (Name) | (Address) | (Telephone Number) |
| | | |
| (Name) | (Address) | (Telephone Number) |

☐ I will be representing myself (self-represented party),

and waive(s) all formalities of service, accept(s) service of the Summons issued by the Court in this case and enter(s) the following appearance:

**Type of Appearance:** (Select One)

☑ Appearance      ☐ Limited Appearance

If limited appearance, describe scope of representation:

_____
_____
_____
_____
_____
_____
_____

Case Name: **Kim O'Keefe, et al. v. SMG Holdings LLC, et al.**
Case Number: **216-2021-CV-00233**
**ACCEPTANCE OF SERVICE**

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____   or   _____
Other party                        Other party's attorney

**OR**

*For e-filed cases:*

☑ I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

| Brian A. Suslak | | /s/ Brian A. Suslak | 05/28/2021 |
|---|---|---|---|
| Name of Filer | | Signature of Filer | Date |
| Morrison Mahoney LLP | 269917 | (617) 439-7564 | |
| Law Firm, if applicable | Bar ID # of attorney | Telephone | |
| 1001 Elm Street, Suite 304 | | BSuslak@morrisonmahoney.com | |
| Address | | E-mail | |
| Manchester | NH    03101 | | |
| City | State  Zip code | | |

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF JURY TRIAL

FILE COPY

Case Name:     Kim O'Keefe, et al v SMG Operations, et al
Case Number:   216-2021-CV-00233

The court will conduct the following events in this case at Hillsborough Superior Court Northern District at: Courtroom 2 - Hillsborough Superior - North 300 Chestnut Street  Manchester, NH 03101

| Event: | Date: | Time: |
|---|---|---|
| Trial Management Conference | September 12, 2022 | 9:00 AM |
| Jury Selection | September 26, 2022 | 9:00 AM |
| Jury Trial | Weeks of September 26, 2022 and October 03, 2022 | |

Trial counsel, or parties if unrepresented, shall appear at the Trial Management Conference; clients shall appear at the conference or be available for contact by telephone.  Counsel and clients shall be prepared to discuss conduct of the trial and settlement.

Counsel shall electronically file all pre-trial motions, including motions in limine, witness lists and exhibit lists at least fourteen days prior to the Trial Management Conference.  A more complete list of the requirements can be found in Superior Court Rule 35.

All pending motions shall be heard at a time set by the court.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

BY ORDER OF THE COURT

July 12, 2021

W. Michael Scanlon
Clerk of Court

(923)
C: David P. Angueira, ESQ; Brian Andrew Suslak, ESQ; SMG Food and Beverage, LLC; SMG Holdings I, LLC; SMG Holdings II, LLC; ASM Global LLC; ASM Global Parent, Inc.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **Hillsborough Superior Court Northern District**

Case Name: **Kim O'Keefe, et al. v. SMG Holdings LLC**

Case Number: **216-2021-CV-00233**
(if known)

## CASE STRUCTURING AND ADR ORDER
(See Superior Court Civil Rules 5 and 32)

1. Plaintiff's Counsel: Trial **David Angueira, Esq.**   At conference **David Angueira, Esq.**
2. Defendant's Counsel: Trial **Brian Suslak, Esq.**   At conference **Brian Suslak, Esq.**
3. Causes(s) of action: **Negligence**   Counterclaims **N/A**
4. Insurance carrier: **Berkshire Hathaway Spec. Ins.**   Disclosure of policy limits by: **Initial Disclosure**
5. ☐ The parties consent to this case being transferred to the Business and Commercial Dispute Docket. A motion requesting this transfer shall be filed with the Court within 30 days. Upon receipt, the Clerk will submit the motion to the Merrimack Superior Court for ruling.
6. If defendant claims that unnamed parties are at fault (see DeBenedetto v. CLD Consulting Engineers Inc., 153 N.H. 793 (2006)), defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than **10/01/2021**. Plaintiff shall then have 30 days from the date of disclosure to amend the initiating pleading.
7. Is there an agreement to waive statutory expert disclosure requirements under RSA 516:29-b?
   ☐ Yes   ☑ No
8. ☑ The parties have exchanged e-mail addresses and agree that the e-mail service of pleadings between the parties shall be considered in compliance with Superior Court Administrative Order 46.
9. Plaintiff's disclosure of experts and reports due: **02/25/2022**
   Defendant's disclosure of experts and reports due: **04/25/2022**
10. The following deadlines apply:
    All interrogatories propounded by **03/31/2022**
    All depositions to be completed by **06/30/2022**
    All dispositive motions to be filed: no later than 120 days prior to the trial
    Completion of all discovery: **06/30/2022**
    Deadline for filing all other pre-trial motions: 14 days prior to trial management conference
    Deadline for filing of witness and exhibit lists: 14 days prior to trial management conference
11. Jury trial requested? ☑ Yes ☐ No
12. If jury trial previously demanded, is it now being waived? ☐ Yes ☑ No
13. Requested trial date: **09/27/2022**   Estimated trial length: **4-5 days**
14. Jury trial assignment:   Trial Mgt Conf.: _____   Jury Selection: _____
15. Bench trial assignment: Trial Mgt Conf: _____   Week of: _____
16. Trial counsel and self-represented parties shall appear at the trial management conference and be prepared to address settlement potential. Parties represented by counsel shall be available for contact by telephone during the trial management conference. All pending pretrial motions shall be heard at the trial management conference, or as scheduled by the court. Failure to appear at the trial management conference or trial may result in dismissal, default or other sanctions.

NHJB-2700-Se (07/01/2018)

This is a Service Document For Case: 216-2021-CV-00233
Hillsborough Superior Court Northern District
7/12/2021 9:20 AM

Case Name: Kim O'Keefe, et al. v. SMG Holdings LLC
Case Number: 216-2021-CV-00233

## CASE STRUCTURING AND ADR ORDER

### ADR (Alternative Dispute Resolution)

Superior Court Civil Rule 32 requires the Court to assign all civil cases to ADR unless the parties represent by joint motion they have engaged in formal ADR before a neutral third party before filing suit or the Court exempts the parties by motion for good cause shown.

17. **ADR Order:**
    - [✓] The parties stipulate and agree to an ADR process. **OR**
    - [ ] The parties do not agree to an ADR process and request the Court complete this section.

    **A. Type of ADR**
    - [✓] Mediation
    - [ ] Neutral Case Evaluation
    - [ ] Arbitration
    - [ ] Other Neutral Third Party Process: _____

    Name of person chosen to conduct ADR: **Melinda Gehris**   [✓] Paid  [ ] Volunteer

    Address: _____

    Phone: _____   Email: _____

    Names of alternates:  1. **Greg Clayton**   2. **Dennis Ducharme**

    **B. Scheduling your ADR Session:** Date ADR shall be completed by **08/15/2022**

    You and the other side must contact the person selected to schedule the ADR session.

    **C. ADR Reporting:** The Plaintiff shall file a copy of the ADR report with the court within 30 days of the ADR session. If the ADR report is not timely filed, the court may schedule a show-cause hearing to determine the status of the ADR process and to impose sanctions appropriate to the circumstances, if necessary.

18. [ ] The Court has determined the parties are exempt from Rule 32 ADR.
19. Other orders: _____

---

| David P. Angeira, Esq. | | | /s/ David P. Angueira | 07/01/2021 |
|---|---|---|---|---|
| Name of Filer | | | Signature of Filer | Date |
| Swartz & Swartz, P.C. | 166332 | | (617) 742-1900 | |
| Law Firm, if applicable | Bar ID # of attorney | | Telephone | |
| 10 Marshall Street | | | dangueira@swartzlaw.com | |
| Address | | | E-mail | |
| Boston | MA | 02108 | | |
| City | State | Zip code | | |

| Brian A. Suslak, Esq. | | | /s/ Brian A. Suslak | 07/01/2021 |
|---|---|---|---|---|
| Name of Filer | | | Signature of Filer | Date |
| Morrison Mahoney LLP | 269917 | | (603) 622-3400 | |
| Law Firm, if applicable | Bar ID # of attorney | | Telephone | |
| 1001 Elm Street, Suite 304 | | | bsuslak@morrisonmahoney.com | |
| Address | | | E-mail | |
| Manchester | NH | 03101 | | |
| City | State | Zip code | | |

Case Name: Kim O'Keefe, et al. v. SMG Holdings LLC

Case Number: 216-2021-CV-00233

**CASE STRUCTURING AND ADR ORDER**

| | |
|---|---|
| Name of Filer | Signature of Filer / Date |
| Law Firm, if applicable / Bar ID # of attorney | Telephone |
| Address | E-mail |
| City / State / Zip code | |

Enter /s/ before name

| | |
|---|---|
| Name of Filer | Signature of Filer / Date |
| Law Firm, if applicable / Bar ID # of attorney | Telephone |
| Address | E-mail |
| City / State / Zip code | |

Enter /s/ before name

SO ORDERED:

Date

Approved and So Ordered

*N. William D.* (signature)

Presiding Justice Honorable N. William Delker

July 11, 2021

Clerk's Notice of Decision
Document Sent to Parties
on 07/12/2021

NHJB-2700-Se (07/01/2018)

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

HILLSBOROUGH COUNTY

CIVIL ACTION NO.:
216-2021-CV-00233

KIMBERLY O'KEEFE AND PATRICK O'KEEFE

v.

SMG OPERATIONS, SMG FOOD AND BEVERAGE, LLC, SMG HOLDINGS I, LLC, SMG HOLDINGS II, LLC, ASM GLOBAL LLC, ASM GLOBAL PARENT, INC., and SMG HOLDINGS, LLC

## STIPULATION FOR DOCKET MARKINGS

Now come the plaintiffs, Kim O'Keefe and Patrick O'Keefe, and the defendant, SMG Holdings, LLC, and hereby stipulate that the Docket in the above referenced case may be marked as follows:

"Plaintiffs' claims are dismissed without prejudice as to the defendants, SMG Operations; SMG Food and Beverage, LLC; SMG Holdings I, LLC; SMG Holdings II, LLC; ASM Global LLC; and ASM Global Parent, Inc."

The plaintiffs' claims against the defendant, SMG Holdings, LLC are not dismissed herein and shall remain pending.

Approved and So Ordered

*/s/ N. William Delker*

Honorable N. William Delker
July 11, 2021

Clerk's Notice of Decision
Document Sent to Parties
on  07/12/2021

Respectfully Submitted,
The Plaintiffs,
By Their Attorney,


_/s/ David P. Angueira_
David P. Angueira, Esq.
NH Bar No.:16632
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 01208
(617) 742-1900
dangueira@swartzlaw.com


The Defendant,
SMG Holdings, LLC,
By Its Attorney


_/s/ Brian A. Suslak_
Brian A. Suslak, Esq.
NH Bar No.: 269917
1001 Elm Street, Suite 304
Manchester, NH 03101
(603) 622-3400
bsuslak@morrisonmahoney.com


Dated: July 1, 2021

## CERTIFICATE OF SERVICE

I, David P. Angueira, Esq., certify that on this 1st day of July, 2021, I served a copy of the foregoing document upon the Defendant through the Court's electronic file and serve system to wit:

Brian Suslak, Esq.
NHBA No.: 269917
Morrison Mahoney LLP
1001 Elm Street, Suite 304
Manchester, NH 03101
(603) 622-3400
bsuslak@morrisonmahoney.com

Dated: July 1, 2021

/s/ *David P. Angueira*
David P. Angueira, Esq.

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, ss.　　　　　　　　　　　　　　　　　　　SUPERIOR COURT
NORTHERN DISTRICT

Docket No. 216-2021-CV-00233

KIM O'KEEFE AND PATRICK O'KEEFE,

Plaintiff,

v.

SMG OPERATIONS, SMG FOOD AND BEVERAGE, LLC, SMG HOLDINGS I, LLC, SMG HOLDINGS II, LLC, ASM GLOBAL LLC, ASM GLOBAL PARENT, INC., AND SMG HOLDINGS, LLC

Defendant.

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT SMG HOLDINGS, LLC

Defendant SMG Holdings, LLC ("SMG") respectfully submits the following Answer, Affirmative Defenses, and Jury Demand in response to the Complaint, dated April 15, 2021.

### PARTIES AND FACTS

1.　　Without knowledge. The phrase "without knowledge" means that Defendant (1) lacks sufficient knowledge to form a belief as to the truth or accuracy of the allegation(s), (2) therefore, denies such allegation(s), and (3) leaves Plaintiffs to their proof.

2.　　Without knowledge.

3(a)-(g).　　With regard to Defendant SMG, admitted. With regard to the other named Defendants, without knowledge.

4.　　Without knowledge. Calls for legal conclusion.

5.　　Without knowledge.

6.　　Without knowledge.

100367804

## COUNT I – NEGLIGENCE

7. Defendant repeats and incorporates by reference its responses to Paragraphs 1-6 above.

8(a)-(d). With regard to Defendant SMG, denied. With regard to the other named Defendants, without knowledge.

9. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to judgment in any amount.

## COUNT II – LOSS OF CONSORTIUM

10. Defendant repeats and incorporates by reference their responses to Paragraphs 1-9 above.

11. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to judgment in any amount.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by one or more statutes of limitation.

### THIRD DEFENSE

Defendant denies each and every allegation of liability contained in the Complaint.

### FOURTH DEFENSE

Defendant did not breach the applicable standard of care.

## FIFTH DEFENSE

Plaintiffs' damages, if any, were not proximately caused by Defendant's alleged negligence.

## SIXTH DEFENSE

Plaintiffs' alleged injuries were proximately caused by the superseding and/or intervening conduct or negligent acts of persons over whom Defendant had no control, and are not legally responsible.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, were proximately caused by her own negligence and carelessness in one or more of the following ways:

a. Plaintiff failed to exercise reasonable care;

b. Plaintiff failed to use that degree of care that a reasonable prudent person would have exercised for her own safety under the circumstances and conditions present;

c. Plaintiff failed to make proper and reasonable use of her faculties;

d. Plaintiff failed to watch where she was stepping and walking;

e. Plaintiff failed to avoid, step away from or around whatever defective, hazardous and/or dangerous condition(s) she claims exists as a reasonable person would have done under the circumstances; and

f. Plaintiff traversed an area which she knew or should have known was not safe to do so.

### NINTH DEFENSE

Plaintiffs' alleged damages are barred, in whole or in part, by all applicable defenses relating to assumption of the risk.

### TENTH DEFENSE

Defendant is responsible only for reasonable medical expenses actually incurred, if any at all, and is not responsible for any amounts forgiven or written off by the provider.

### ELEVENTH DEFENSE

Defendant challenges any and all medical expenses in accordance with New Hampshire Superior Court Rule 37(a).

### TWELFTH DEFENSE

Defendant reserves the right to add additional affirmative defenses as are reasonable and necessary as discovery progresses.

### THIRTEENTH DEFENSE

Plaintiffs' damages, if any, were the result of an open and obvious risk, and accordingly, Plaintiffs' claims are barred.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court enter judgment as follows:

A. Judgment in favor of Defendant as to each Count in the Complaint; and

B. Grant such further relief deemed necessary and just.

### **JURY DEMAND**

Defendant demands a trial by jury as to all issues properly triable by jury and, pursuant to Superior Court Rule 9, object to a trial with fewer than 12 jurors.

Respectfully submitted,

SMG OPERATIONS, SMG FOOD AND BEVERAGE, LLC, SMG HOLDINGS I, LLC, SMG HOLDINGS II, LLC, ASM GLOBAL LLC, ASM GLOBAL PARENT, INC., and SMG HOLDINGS, LLC

Dated: June 14, 2021

By Its Attorneys,

MORRISON MAHONEY LLP

By:  /s/ Brian A. Suslak
Brian A. Suslak, #269917
bsuslak@morrisonmahoney.com
1001 Elm Street, Suite 304
Manchester, NH 03101
Phone:    603-622-3400
Fax:        617-342-4882

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to:

David P. Angueira, Esq.
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
*Counsel for Plaintiff*

/s/ Brian A. Suslak
Brian A. Suslak

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **Hillsborough Superior Court Northern District**

Case Name: **Kim O'Keefe, et al. v. SMG Holdings LLC**

Case Number: **216-2021-CV-00233**
(if known)

## CASE STRUCTURING AND ADR ORDER
(See Superior Court Civil Rules 5 and 32)

1. Plaintiff's Counsel: Trial **David Angueira, Esq.**   At conference **David Angueira, Esq.**
2. Defendant's Counsel: Trial **Brian Suslak, Esq.**   At conference **Brian Suslak, Esq.**
3. Causes(s) of action: **Negligence**   Counterclaims **N/A**
4. Insurance carrier: **Berkshire Hathaway Spec. Ins.**   Disclosure of policy limits by: **Initial Disclosure**
5. ☐ The parties consent to this case being transferred to the Business and Commercial Dispute Docket. A motion requesting this transfer shall be filed with the Court within 30 days. Upon receipt, the Clerk will submit the motion to the Merrimack Superior Court for ruling.
6. If defendant claims that unnamed parties are at fault (see DeBenedetto v. CLD Consulting Engineers Inc., 153 N.H. 793 (2006)), defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than **10/01/2021**. Plaintiff shall then have 30 days from the date of disclosure to amend the initiating pleading.
7. Is there an agreement to waive statutory expert disclosure requirements under RSA 516:29-b?
   ☐ Yes  ☑ No
8. ☑ The parties have exchanged e-mail addresses and agree that the e-mail service of pleadings between the parties shall be considered in compliance with Superior Court Administrative Order 46.
9. Plaintiff's disclosure of experts and reports due: **02/25/2022**
   Defendant's disclosure of experts and reports due: **04/25/2022**
10. The following deadlines apply:
    All interrogatories propounded by **03/31/2022**
    All depositions to be completed by **06/30/2022**
    All dispositive motions to be filed: no later than 120 days prior to the trial
    Completion of all discovery: **06/30/2022**
    Deadline for filing all other pre-trial motions: 14 days prior to trial management conference
    Deadline for filing of witness and exhibit lists: 14 days prior to trial management conference
11. Jury trial requested? ☑ Yes  ☐ No
12. If jury trial previously demanded, is it now being waived? ☐ Yes  ☑ No
13. Requested trial date: **09/27/2022**   Estimated trial length: **4-5 days**
14. Jury trial assignment:   Trial Mgt Conf.: _____   Jury Selection: _____
15. Bench trial assignment: Trial Mgt Conf: _____   Week of: _____
16. Trial counsel and self-represented parties shall appear at the trial management conference and be prepared to address settlement potential. Parties represented by counsel shall be available for contact by telephone during the trial management conference. All pending pretrial motions shall be heard at the trial management conference, or as scheduled by the court. Failure to appear at the trial management conference or trial may result in dismissal, default or other sanctions.

NHJB-2700-Se (07/01/2018)

Case Name: Kim O'Keefe, et al. v. SMG Holdings LLC

Case Number: 216-2021-CV-00233

## CASE STRUCTURING AND ADR ORDER

### ADR (Alternative Dispute Resolution)

Superior Court Civil Rule 32 requires the Court to assign all civil cases to ADR unless the parties represent by joint motion they have engaged in formal ADR before a neutral third party before filing suit or the Court exempts the parties by motion for good cause shown.

17. **ADR Order:**

    ☑ The parties stipulate and agree to an ADR process. **OR**

    ☐ The parties do not agree to an ADR process and request the Court complete this section.

    **A. Type of ADR**

    ☑ Mediation    ☐ Neutral Case Evaluation    ☐ Arbitration

    ☐ Other Neutral Third Party Process: _____

    Name of person chosen to conduct ADR: **Melinda Gehris**    ☑ Paid   ☐ Volunteer

    Address: _____

    Phone: _____   Email: _____

    Names of alternates: 1. **Greg Clayton**    2. **Dennis Ducharme**

    **B. Scheduling your ADR Session:** Date ADR shall be completed by **08/15/2022**

    You and the other side must contact the person selected to schedule the ADR session.

    **C. ADR Reporting:** The Plaintiff shall file a copy of the ADR report with the court within 30 days of the ADR session. If the ADR report is not timely filed, the court may schedule a show-cause hearing to determine the status of the ADR process and to impose sanctions appropriate to the circumstances, if necessary.

18. ☐ The Court has determined the parties are exempt from Rule 32 ADR.

19. Other orders: _____

---

| | | |
|---|---|---|
| **David P. Angeira, Esq.** | /s/ David P. Angueira | 07/01/2021 |
| Name of Filer | Signature of Filer | Date |
| **Swartz & Swartz, P.C.** / **166332** | **(617) 742-1900** | |
| Law Firm, if applicable / Bar ID # of attorney | Telephone | |
| **10 Marshall Street** | **dangueira@swartzlaw.com** | |
| Address | E-mail | |
| **Boston** / **MA** / **02108** | | |
| City / State / Zip code | | |

| | | |
|---|---|---|
| **Brian A. Suslak, Esq.** | /s/ Brian A. Suslak | 07/01/2021 |
| Name of Filer | Signature of Filer | Date |
| **Morrison Mahoney LLP** / **269917** | **(603) 622-3400** | |
| Law Firm, if applicable / Bar ID # of attorney | Telephone | |
| **1001 Elm Street, Suite 304** | **bsuslak@morrisonmahoney.com** | |
| Address | E-mail | |
| **Manchester** / **NH** / **03101** | | |
| City / State / Zip code | | |

Case Name: Kim O'Keefe, et al. v. SMG Holdings LLC

Case Number: 216-2021-CV-00233

**CASE STRUCTURING AND ADR ORDER**

| Name of Filer | Signature of Filer | Date |
| --- | --- | --- |

Enter /s/ before name

| Law Firm, if applicable | Bar ID # of attorney | Telephone |
| --- | --- | --- |

| Address | E-mail |
| --- | --- |

| City | State | Zip code |
| --- | --- | --- |

| Name of Filer | Signature of Filer | Date |
| --- | --- | --- |

Enter /s/ before name

| Law Firm, if applicable | Bar ID # of attorney | Telephone |
| --- | --- | --- |

| Address | E-mail |
| --- | --- |

| City | State | Zip code |
| --- | --- | --- |

SO ORDERED:

Date

Presiding Justice

NHJB-2700-Se (07/01/2018)